UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEPHEN HENRY, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | Case 3:12-cv-01282 |
| vs. | ) | Magistrate Judge Brown |
| | ) | **Jury Demand** |
| THE FEDERAL RESERVE BANK | ) | |
| OF ATLANTA, | ) | |
| | ) | |
|     Defendant | ) | |
| | ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

**I.**    **Jurisdiction and Venue.** Plaintiff brings this case pursuant to Title VII of the Civil Rights Act of 1964, and federal question jurisdiction applies. Pursuant to 12 U.S.C. § 632, jurisdiction in federal court is required. The parties agree that jurisdiction and venue are proper.

**II.**    **Parties' Theories of the Case**

    **A.**    **Plaintiff's Theory of the Case.** Stephen C. Henry brings this action against the Federal Reserve Bank of Atlanta based on his claims that his employer the Federal Reserve Bank of Atlanta has discriminated against him due to his religious beliefs in violation of Title VII of the Civil Rights Act of 1964. Mr. Henry is also suing the Bank for retaliation for his having filed an EEOC complaint and pursuing his rights under the law to correct unlawful employment practices by the Bank. Mr. Henry is seeking compensatory and punitive damages as well as costs and attorney's fees for the Bank's acts of discrimination suffered by him and for the retaliation he experienced.

**B.     Defendant's Theory of the Case.**  Defendant denies that it retaliated or discriminated against Plaintiff in any respect or that it engaged in unlawful actions.  Defendant further denies that Plaintiff has suffered any compensatory damages in that he was fully paid through the final date that any other similarly situated employees were employed.

**III.     Identification of the Issues.**  The following issues remain unresolved in this litigation:

(a)     whether Defendant discriminated against Plaintiff based on his religion in violation of Title VII;

(b)     whether Defendant retaliated against Defendant in violation of Title VII;

(c)     whether Plaintiff mitigated his damages, if any;

(d)     whether Defendant established any affirmative or other defenses to Plaintiff's claims; and

(e)     whether Plaintiff is entitled to any relief.

**IV.     Need for Other Claims or Special Issues.**  The parties are not aware of any such needs at this time.

**V.     Witnesses.**  The parties identify Plaintiff and will supplement any additional witnesses as discovery progresses.

**VI.     Schedule of Pretrial Proceedings**

**A.     Rule 26(a)(1) Disclosure.**  The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within **30 days** from the date of the initial case management conference.

**B.     Discovery Related Deadlines.**  All discovery must be completed by **August 15, 2013**.  Disclosure of experts and Rule 26(a)(2) statements must be made by the following dates: by Plaintiff on **June 17, 2013**, and by Defendant on **July 15, 2013**.

**C.     Discovery Motions.** Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

**D.     Dispositive Motions.** The deadline for dispositive motions is **September 18, 2013**. The response is due on **October 16, 2013**, and any reply is due on **October 30, 2013**. The motion and response memoranda are limited to **25 pages** absent Court permission for longer pleading. Optional replies, limited to **five pages**, shall be filed within **14** days after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

**E.     Other Deadlines.** The deadline for any motion to amend pleadings or add parties is **June 19, 2013**.

**VII.     Alternative Dispute Resolution.** The parties will consider mediating at or before the close of discovery.

**VIII.     Consent to Trial before the Magistrate Judge.** The parties consent to trial before the Magistrate Judge

**IX.     Subsequent Case Management Conference.** A telephone conference with Magistrate Judge Brown to discuss case progress is set for **June 20, 2013, at 1:30 p.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

**X.     Target Trial Date.** The parties estimate that this jury trial will take four days, depending on what issues remain for trial. This matter is set for trial on **May 13, 2014**, **at 9:00 a.m.** Magistrate Judge Brown will conduct the final pretrial conference on **April 28, 2014, at 1:00**

**p.m.** Magistrate Judge Brown will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED**.

    /s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge