IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Stephen Henry, )<br>)<br>Mr. Henry, )<br>)<br>vs. )<br>)<br>Federal Reserve Bank of Atlanta. )<br>)<br>Defendants. ) | Cv. No.   3:12-cv-1282<br>Magistrate Judge Brown by consent |

## **MEMORANDUM**

### I. **INTRODUCTION AND BACKGROUND**

In its prior Memorandum Opinion (DE 39) which is incorporated herein by reference, the Court granted Summary Judgment to the defendant, the Federal Reserve Bank ("the Bank"), on the plaintiff's ("Mr. Henry") discrimination claim. According to that holding, the Court found that "no reasonable juror could objectively draw a causal connection between the conduct of Mr. Henry's co-workers and his faith . . . [and] the conduct alleged by Mr. Henry was not severe and pervasive." (DE 39 at p. 9) However, the Court noted that the Bank, "in order to 'continue to operate efficiently and within an effective control environment and maintain the physical security of the building, . . . had approved 'a minimum of six months' severance pay to all staff within the impacted areas.'" (DE 39 at pp. 11-12)

Finding that the enhanced "severance pay was [likely] a 'part and parcel of the employment relationship,'" the Court likened the instant case to *EEOC v. Bd. of Governors of State Colls. and Univs.*, 957 F.2d 424 (7th Cir. 1992). As such, the Court ordered the Bank to "Show Cause why: 1) its attempt to secure a waiver of Mr. Henry's right to recover financially under Title VII at the expense of his severance pay is not a *per se* act of retaliation, and 2) why the Court should not grant Judgment in favor of Mr. Henry."

The Bank responded to the Show Cause order on April 7, 2014 (DE 47), to which Mr. Henry filed reply on April 19, 2014. (DE 48) After considering the arguments presented, the Court finds the facts of Mr. Henry's case sufficiently distinguished from *Bd. of Governors* and aligned with those in *EEOC v. Sundance Rehab. Corp.*, 466 F.3d 490, 499 (6th Cir. 2006). Accordingly, the Court now grants Summary Judgment to the Bank on Mr. Henry's retaliation claim.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Miller v. City of Calhoun County*, 408 F.3d 803, 812-13 (6th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). A "genuine issue of material fact" is one which, if proven, could lead a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden rests with the moving party to establish the absence of a factual dispute. *Id.* at 249-50.

In deciding whether summary judgment is appropriate, the court "must look beyond the pleadings and assess the proof to determine whether there is a genuine need for a trial." *Sowards v. Loudon County*, 203 F.3d. 426, 431 (6th Cir. 2000), *cert. denied*, 531 U.S. 875 (2000). In so doing, the district court must "draw all reasonable inferences in favor of the nonmoving party" in its analysis of the pleadings, affidavits, and record as a whole. *Sadie v. City of Cleveland*, 718 F.3d 596, 599 (6th Cir. 2013) (citing *Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Normally, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

The nonmoving party is not entitled to trial solely on the basis of the pleadings themselves, but must provide more than conclusory allegations, speculation, and unsubstantiated assertions. *See Lujuan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Rather, at the summary judgment stage, the party opposing summary judgment "must present 'affirmative evidence' to support his/her position; a mere 'scintilla of evidence' is insufficient." *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). In the context of claims brought under 42 U.S.C. § 1983, the evidence relied upon by the nonmoving party must fairly raise a genuine dispute regarding the deprivation of a constitutionally protected interest by an individual or individuals acting under color of state law. *See Miller*, 408 F.3d at 812.

### III.　ANALYSIS

**A.　PLAINTIFF'S RETALIATION CLAIMS**

The Bank advances two arguments regarding the Court's premise that its waiver of claims constitutes *per se* retaliation. First, the Bank asserts that the Court's premise is founded upon "incorrect facts." (Defendant's Response to the Show Cause Order ("Response"), DE 47, p. 3) According to the Bank's argument here, enhanced severance pay was not "part and parcel" of the employment agreement, and Mr. Henry was not singled out—discriminated against—because all employees were required to sign the same waiver that Mr. Henry was asked to sign.[1] (Response at p. 4)

Second, the Bank chastises the Court for reaching the issue at all. According to the Bank, "Plaintiff's retaliation claim—as framed in the Court's Memorandum—is not properly before the

---

[1]　At the time the Court entered the prior Show Cause order, the Bank's policy and practice manual was not within the record. As such, the facts established by the record at that time indicated that the severance authorized by the Bank's Board of Governors was *in addition to* any provided by the Bank's policy. The purpose of that additional severance was "to 'continue to operate efficiently'" until the closure date of the facility. (DE 39 at pp. 11-12)

Court." (Response at p. 7) As the Bank's argument goes, the issue of whether the Bank's condition of Mr. Henry's severance pay on a waiver of claims "'falls outside of the scope of his EEOC charge.'" (Response at p. 7) Thus, according to the Bank, the Court "lacks power to hear the case" because Mr. Henry failed to exhaust his administrative remedies. (Response at p. 2, 7) Because the Bank has questioned the Court's jurisdiction to reach the current issue, the Court will address the Bank's claim of failure to exhaust first.

**(1) Exhaustion of Administrative Remedies**

According to the Bank, Mr. Henry's initial retaliation charge with the EEOC addressed only the Bank's "decision to release [him] prior to July 31, 2011[,]" when all other employees were separated from the Bank's service. (Response at p. 8) Thus, according to the holding in *Vinson v. Ford Motor Co.*, 806 F.2d 686, 688 (6th Cir. 1986), the Court's reach is restricted to the claims specifically alleged in the EEOC charging sheet, and, accordingly, "lacks the power to hear" any other claims. (Response at pp. 7-8) (quoting *Bray v. Palm Beach Co.*, No. 89-6171, 1990 U.S. App. LEXIS 11020 at *4 (6th Cir. June 29, 1990)).

"[A]dministrative exhaustion is not a jurisdictional requirement under Title VII," however. *Adamov v. United States Bank Nat'l Ass'n*, 726 F.3d 851, 855-56 (6th Cir. 2013) (relying on *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006)). Further, while the Court's attention

> must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination[,] . . . where facts related with respect to the charge claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.

*Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002). Here, the treatment of Mr. Henry's severance pay is a fact clearly related to Mr. Henry's early separation that would likely "prompt the EEOC to investigate a different, uncharged claim." *Id.* Thus, that the Bank's treatment of Mr. Henry's severance pay could constitute an act of *per se* retaliation is

4

clearly within the scope of the EEOC charge. Moreover, even if it was not, there is no jurisdictional bar to the Court's reaching the issue.

**(2) Mr. Henry's Retaliation Claim**

To establish claims of retaliation, Mr. Henry must demonstrate "that: (1) he engaged in activity protected by Title VII; (2) the exercise of his civil rights was known; (3) thereafter, the defendant took an employment action adverse to [Mr. Henry]; and (4) there was a causal connection between the protected activity and the adverse employment action." *Warf v. U.S. Dept. of Veterans Affairs*, 713 F.3d 874, 880 (6th Cir. 2013) (quoting *Nguyen v. City of Cleveland*, 229 F.3d 559, 562-63 (6th Cir. 2000) (internal quotations omitted)).

In its response to the Court's substantive holding, the Bank asserts that because enhanced severance pay for employees subject to involuntary separation "was always conditioned . . . on a release of any discrimination or other claims . . . as a matter of Bank policy and practice," there was no employment action adverse to Mr. Henry. (Response at p. 2) According to that policy, an employee has an unconditional right to two weeks of severance pay. (Response, at p. 6; Exhibit A to Response ("Exh. A"), DE 47-1, p. 17) Enhanced severance pay of "one half month's salary per year of service . . . up to the maximum of one year's salary" is available to involuntarily separated employees who: 1) have not declined a comparable offer of employment by the bank; 2) have not accepted an offer of employment by the Bank or other Federal Reserve entity; 3) maintain an acceptable work performance until termination; 4) work until released; and 5) execute a release of claims provided by the Bank. (Exh. A at pp. 16, 18)

Mr. Henry does not contest the Bank's claim. Rather, Mr. Henry argues that the Bank's condition of severance pay on a waiver constitutes a materially adverse action *because* "it might well have 'dissuaded a reasonable worker from making or supporting a charge of

5

discrimination." (Reply at p. 3) Further, Mr. Henry argues that the waiver left him worse off because he was forced to choose "to get something that all eligible employees had a right to . . . or his right to a monetary damages award." (Reply at pp. 3-4) Mr. Henry's argument is unavailing, however, because it is premised upon a standard of materiality that is well below that required and because he neither had a right to enhanced severance pay or monetary damages from his discrimination claim.

According to Mr. Henry, *any* action that might dissuade an employee "from making or supporting a charge of discrimination" is materially adverse in the context of retaliation. (Reply at p. 3) While that is a correct factual statement, that standard is *only* applied in the context of *charges* filed with the EEOC. *EEOC v. Sundance Rehab. Corp.*, 466 F.3d 490, 499 (6th Cir. 2006). Under this reasoning, any waiver of an employee's right to file a charge is void against public policy because it frustrates the congressional intent that underpins Title VII and prevents the EEOC from accomplishing the task that Congress set for it. Namely, to discover, prosecute and eliminate discriminatory employment practices. *Id.* As the Bank argues, the waiver provision at issue here did not require that Mr. Henry forego filing a charge with the EEOC, but required that he waive his right to monetary damages from either an EEOC law suit or his own individual law suit. (Plaintiff's Statement of Material Fact ("PSMF"), DE 37-2, p. 31 ¶ 88)

A more stringent standard has been established for individual claims brought by employees themselves. Indeed, a waiver of employee claims, and by extension the right to monetary damages, is effective so long as it is made knowingly and voluntarily. *Id.* (citing EEOC Enforcement Guidance on Non-Waivable Employee Rights under EEOC Enforced Statutes, EEOC Notice 915.002, at III.C. (Apr. 10, 1997). In the context of individual claims, such actions must affect a "materially adverse change in the terms and conditions of [a

claimant's] employment." *Id.* at 501 (quoting *Smith v. City of Salem*, 378 F.3d 566, 575 (6th Cir. 2004)). As the *Sundance* court noted, to rise to the level of a materially adverse employment action, the waiver at issue here must deprive Mr. Henry of a benefit "that [he] was [] otherwise due or promised," which it did not do. *Id.* at 502.

Contrary to Mr. Henry's argument, he had no *right*—a clearly established and irrevocable possessory interest in property—to either enhanced severance pay or to monetary damages from his discrimination claim. Rather, any *entitlement* Mr. Henry had to enhanced severance benefits was always conditioned upon his willingness to accept an offer of employment with the Bank or another Federal Reserve entity, maintain an acceptable performance rating, work until released, and *sign a waiver of claims* that the Bank would provide for him. Likewise, Mr. Henry's entitlement to a monetary award was conditioned upon proof

> by a preponderance of the evidence: (1) that [he] was a member of a protected class; (2) that [he] was subjected to unwelcome [religious] harassment; (3) that the harassment was based on [his religion or religious beliefs]; (4) that the harassment unreasonably interfered with [his] work performance by creating a hostile, offensive, or intimidating work environment; an (5) that there is a basis for employer liability.

*Thornton v. Fed. Express Corp.*, 530 F.3d 451, 455 (6th Cir. 2007)

Rather than to choose between his right to enhanced severance or to a monetary award, the Bank offered Mr. Henry "a definite early pay-out" (Reply at p. 4) in the form of enhanced severance pay as consideration for his willingness to forego any speculative future monetary damages he might receive. In essence, Mr. Henry opted for the proverbial two birds in the bush rather than the bird in his hand. As such, he may not now cry fowl. The Bank's condition that Mr. Henry waive any future right to monetary damages is not an materially adverse employment action. Thus, Mr. Henry has failed to establish a *prima facie* case of retaliation, and the Bank is entitled to judgment as a matter of law.

7

## IV. CONCLUSION

For the foregoing reasons, the Bank's motion for summary judgment as to Mr. Henry's claims of retaliation will be **GRANTED** and that claim will be **DISMISSED** with prejudice.

/S/ Joe B. Brown
Joe B. Brown
Magistrate Judge